```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                FORT MYERS DIVISION

GERARD JULES,

                   Petitioner,

vs.                            Case No.  2:06-cv-54-FtM-29DNF
                                Case No.  2:03-cr-114-FTM-29
UNITED STATES OF AMERICA,

                   Respondent.
_____
```

**OPINION AND ORDER**

     This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or correct Sentence by a Person in Federal Custody (Doc. #1), filed on January 25, 2006. Petitioner's sole argument is based on the <u>Apprendi</u>[1]/<u>Booker</u>[2]/<u>Blakely</u>[3] line of cases.

**I.**

On October 1, 2003, the grand jury returned a five-count Indictment (Doc. #19) charging petitioner and his co-defendant with various offenses involving cocaine base, crack cocaine. On December 31, 2003, pursuant to a Plea Agreement (Doc. #35), defendant entered a plea of guilty as to Count One of the Indictment, charging him with knowingly and willfully conspiring to possess with intent to distribute and to distribute fifty (50) or

---

[1]<u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

[2]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

[3]<u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

more grams cocaine base, crack cocaine. Defendant was sentenced to 151 months of imprisonment, 60 months of supervised release, and a $100.00 special assessment. Judgment (Doc. #56) was entered on April 13, 2004. Defendant did not file a direct appeal and has not previously sought habeas relief. The current petition under § 2255 was filed almost two years after the entry of the Judgment.

## II.

Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255; see also Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001).

It is clear that petitioner's § 2255 motion was not filed within one year after his conviction became final. Petitioner's conviction became final ten days after the filing of the original Judgment on April 23, 2004. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Giving petitioner the benefit of the

-2-

"mailbox rule," Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem the §2255 motion filed on January 10, 2006, the date petitioner signed the motion while incarcerated. Even so construed, the §2255 motion was filed almost one year and nine months after the expiration of the statute of limitations.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2255. Defendant identifies no government-imposed impediment to filing his §2255 motion, much less makes a showing that the governmental action was unconstitutional. See Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.), cert. denied, 531 U.S. 971 (2000).

As to the third event, the Eleventh Circuit summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.), cert. denied, 537 U.S. 895 (2002). The Supreme Court has not recognized any new right which has been held to apply retroactively to a defendant whose conviction became final prior to the decision. The fourth event has not been shown to apply to this case. Finally, defendant has not established any basis to find that the limitations period was equitably tolled. Equitable tolling is appropriate when a motion is untimely filed because of extraordinary circumstances that are both beyond defendant's control and unavoidable even with diligence. Jones v. United

-3-

States, 304 F.3d 1035, 1039 (11th Cir. 2002), cert. denied 538 U.S. 947 (2003). Defendant has not satisfied his burden in this case.

Because defendant did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

### III.

The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."). Since petitioner's case became final prior to Booker, the issue cannot be raised in a § 2255 petition.

### IV.

Because defendant is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified

by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an argument before it is recognized by the Supreme Court as retroactive. See Avila v. United States, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[4]

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. 2255 to Vacate, Set Aside, or correct Sentence by a Person in Federal Custody (Doc. #1) is **DISMISSED.**

2. The Clerk shall enter judgment in the civil case accordingly, and close the file. The Clerk shall file a certified copy of the judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of February, 2006.

_____
JOHN E. STEELE
United States District Judge

---

[4] Slip Copy attached.