UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                      2:03-cr-114-FtM-29DNF

GERARD JULES
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's 3582(c)(2) Motion to Vacate, Set Aside or Correct (Doc. #91) and Judicial Notice and Request for Re-Sentencing Instanter (Doc. #92), both filed on January 30, 2012. Defendant seeks re-sentencing pursuant to Amendment 750 to the U.S. Sentencing Guidelines.

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 750.

The October 18, 2011 Memorandum submitted by the U.S. Probation Office states that defendant is eligible for a sentence reduction under Amendment 750, and that the new Sentencing Guidelines range is 120 months (because of the statutory mandatory minimum). It appears that defendant is close to having served this sentence, if he received good time credits. While court-appointed counsel has not yet filed a memorandum, and there is a legal dispute as to the applicability of the statutory mandatory minimum sentence in these circumstances, it seems that justice is best served by granting the motion in part, reducing the sentence to the 120 months, and then allowing defendant or counsel to seek further reduction by separate motion if defendant contends he is eligible for such a further reduction.

Accordingly, it is now

**ORDERED**:

1. Defendant's 3582(c)(2) Motion to Vacate, Set Aside or Correct (Doc. #91) is **GRANTED** in part and **DENIED** in part as set forth below.

2. The Clerk of the Court shall enter a Second Amended Judgment reducing the sentence imposed to one-hundred twenty (120) months imprisonment or time served, whichever is longer, and

otherwise leaving all other components of the sentence as originally imposed. This Opinion and Order and the Second Amended Judgment is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."

3. The release of defendant pursuant to this Opinion and Order and Second Amended Judgment shall be stayed for ten calendar days measured from the date of the filing of the Second Amended Judgment, or until such time as the Bureau of Prisons has completed the release preparations, whichever is sooner.

4. Defendant may file a supplemental motion for further reduction under Amendment 750 if he asserts he is eligible for a further reduction.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of February, 2012.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Gerard Jules
U.S. Marshal
U.S. Probation
DCCD